UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATARINA VAN DERHAM; LUCY PINDER; URSULA MAYES; CLAUDIA SAMPEDRO; PAOLA CANAS; and SARA UNDERWOOD <br><br> Plaintiffs, <br> v. <br><br> SPEAKEASY GROUP, INC.; and SPEAKEASY GROUP LIMITED PARTNERSHIP <br><br> Defendants. | C.A. NO.: 1:21-cv-11092-RGS |

## FINAL CONSENT JUDGMENT

**COME NOW**, Plaintiffs KATARINA VAN DERHAM, LUCY PINDER, URSULA SANCHEZ, CLAUDIA SAMPEDRO, PAOLA CANAS, and SARA UNDERWOOD (collectively, "Plaintiffs") and defendants SPEAKEASY GROUP, INC. and SPEAKEASY GROUP LIMITED PARTNERSHIP (collectively, "Defendants"), by and through their respective undersigned counsel, and hereby respectfully petition the Court for entry of this Final Consent Judgment and would show unto the Court as follows:

1. This is an action brought pursuant to, *inter alia*, 15 U.S.C. § 1125(a) relating to advertisements published by Defendants depicting images of Plaintiffs. These advertisements were published using multiple social media venues, including but not limited to Defendants' Facebook and Instagram accounts.

2. Plaintiffs alleged in the Complaint that Defendants used their images without consent or remuneration, and that the advertisements depicted Plaintiffs in a manner that implied

1

they were promoting the Defendants' club, worked thereat, or were otherwise associated, affiliated, or connected with same.

3. At the time of Defendant's alleged violations of 15 U.S.C. § 1125 pertaining to each Plaintiff set forth above, Defendant was insured through various insurance policies all issued by Westchester Surplus Lines Insurance Company ("Westchester"), with a named insured of Speakeasy Group Limited Partnership ("Speakeasy Group").

4. Defendants have tendered a request for defense and indemnification to Westchester pursuant to the above-referenced policies.

5. By letter dated August 27, 2021, Westchester has denied coverage, refused to defend, to advance defense costs, to indemnify, or to consider settlement of the claims brought against Defendant in this action.

6. Plaintiffs and Defendants have therefore entered into a settlement agreement pursuant to which their answer notwithstanding, Defendants consent to entry of the following judgment for the purpose of compromising disputed claims: a judgment in the amount of ONE HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS ($175,000) (hereinafter, the "Consent Judgment").

7. The amount of the Consent Judgment is reasonable in light of what a jury might reasonably award in compensation attributable to Defendants' alleged conduct coupled with the amount of attorneys' fees and costs a Court may reasonably award pursuant to 15 U.S.C. § 1125 in the event Plaintiffs prevail at trial.

8. Further, as part of the parties' settlement, Defendant has agreed that once the Consent Judgment is entered herein, Defendants will assign to Plaintiffs all of their rights, claims, and causes of action against Westchester and its agents, brokers, employees,

officers and all other persons or entities to or arising out of (i) any applicable insurance policy or policies; (ii) the claims made by Plaintiffs' against Defendants herein; and, (iii) any other assignment entered into by and between Plaintiffs and Defendants (the "Assigned Claims).

      9. In consideration for these assignments, and effective after such assignments have been delivered to Plaintiffs, Plaintiffs agree to not take any action of any kind to assign, document, record, registered as a lien, or collect against any Defendant, the Consent Judgment; save and except for Defendants' assets consisting of any and all right, title and interest in the Westchester Policies together with all of their respective rights, claims, and causes of action in the Assigned Claims (the "Speakeasy Covenant").

      10. The Parties' settlement is reasonable.

      11. The Consent Judgment will be the complete and final judgment addressing all claims Plaintiffs have asserted in this lawsuit against Defendants.

      12. This Judgment and the agreements and documents referred to herein contain the entire agreement and understanding among the Parties with respect to the subject matter hereof and supersede all prior agreements and understandings, whether written or oral. The Parties are not relying, nor shall in any way rely, upon any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Judgment, and waive any right to assert or claim that they were induced to enter into this Judgment by any representation, promise, statement or warranty which is not expressly set forth in this agreement.

      13. Nothing in this Judgment shall be construed as giving any person, firm, corporation or other entity, including Westchester, other than the signatory parties hereto,

and their respective successors and permitted assigns, any right, defense, remedy or claim under or in respect to this Judgment or any provision hereof.

14. For all purposes of this Judgment, time is of the essence.

15. The Parties acknowledge and agree that all parties and their counsel participated in negotiating and drafting this Judgment, no rule of construction shall apply to this Judgment which construes any language, whether ambiguous, unclear otherwise, in favor of, or against, any party by reason of the party's role in drafting this Judgment.

16. The motion for entry of judgment is well taken and should be GRANTED.

**IT IS THEREFORE ORDERED THAT**:

A. Judgment is entered in this action in favor of Plaintiff and against Defendant, , for all claims set forth in the Complaint, in the amount of ONE HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS ($175,000), plus post-judgment interest beginning on the date this Judgment is entered until final payment.

B. Plaintiffs shall not assign or, upon the Speakeasy Covenant becoming effective, execute, or otherwise attempt in any manner to collect on the Consent Judgment except as to Defendants' assets consisting of any and all right, title and interest in the Westchester Policies together with all of their respective rights, claims, and causes of action in the Assigned Claims.

C. Upon the assignment of the Assigned Claims to Plaintiffs by Defendants, the Speakeasy Covenant shall become effective.

D. Within thirty (30) days after the Speakeasy Covenant becomes effective, Plaintiffs shall file a stipulation of dismissal, dismissing all claims against Defendants with prejudice.

_____
HON. Richard G. Stearns             U.S.D.J.